IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-20083-CM |
| NICHOLAS A. SRADER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant Nicholas A. Srader, who was sentenced to 96 months imprisonment in December 2011, has filed a motion to reconsider a prior order of the court. Defendant previously asked the court to order the government to release a number of documents so that he could investigate what claims to bring in a motion filed pursuant to 28 U.S.C. § 2255. The court denied his motion without prejudice, finding that (1) no § 2255 motion was on file; and (2) defendant did not specifically indicate how the records and transcripts would aid him in the filing of a § 2255 motion. The court advised defendant, however, that if he "files a § 2255 motion and specifically requests free copies of the record and/or transcripts, indicating with particularity how the records and/or copies of transcripts will aid him in furtherance of his § 2255 motion, the court would reconsider the request at that time." (Doc. 120 at 3.)

In response to the court's order, defendant filed his Motion to Reconsider Request for Discovery (Doc. 121). In his motion, defendant lists a number of reasons that he requires the discovery identified in his prior motion:

- To help him research errors made by counsel;

-1-

- To investigate a claim for "improper plea agreement advisement";

- To investigate a possible claim for prolonged detainment;

- To investigate possible ineffective investigation of witnesses and an impeachment issue;

- To investigate a potential ineffective assistance claim regarding application of the sentencing guidelines; and

- To investigate a potential ineffective assistance claim regarding a number of sentencing issues.

(*Id.* at 1.)  Defendant explains that he wants to "reserve his right to file a 2255 motion until after he effectively investigates the record so as to not fail to exhaust any pertinent claims. . . ."  (*Id.* at 2.)

There remain problems with defendant's motion.  First, he has still not filed a § 2255 motion—although he has explained why he wants to obtain the discovery first.  Practically, this means that the statutes explicitly granting indigent defendants documents without cost under certain circumstances (28 U.S.C. §§ 753, 2250) do not apply.  *See United States v. Lewis*, No. 94-3158, 1993 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (citations omitted); *see also United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (holding that a request for a free transcript under § 753(f) is not ripe until a § 2255 motion is pending).

Second, despite his detailed list of potential claims, defendant still has not demonstrated a particularized need for the documents or that his claims are not frivolous.  As the court explained in its order denying discovery, a defendant is entitled to a free copy of a hearing transcript or case file if "the trial judge or a circuit judge certif[ies] that 'the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.'"  *See United States v. Cline*, Nos. 04-3400-SAC, 00-40024-03-SAC, 2007 WL 2071762, at *2 (D. Kan. July 18, 2007) (quoting 28 U.S.C. § 753(f)); *see also Brown v. N.M. Dist. Court Clerks*, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (unpublished table decision) (citing *United States v. MacCollom*, 426 U.S. 317

-3-

(1976) (plurality)).  A defendant must show a particularized need for copies of the transcripts or other case documents.  *See United States v. Porter*, No. 10-20076-04-KHV, 2012 WL 911518, at *1 (D. Kan. Mar. 16, 2012).  While defendant listed a number of potential claims that he contemplates raising in a § 2255 motion, he has neither given the court a factual basis for his potential claims nor specifically linked the documents requested to the claims they allegedly will support.  Instead, defendant appears to want to search the record for error.  This is not a valid basis for providing records and documents.  *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992).  On the record before it, the court is unable to determine that defendant's claims are not frivolous.

**IT IS THEREFORE ORDERED** that defendant's Motion to Reconsider Request for Discovery (Doc. 121) is denied.

Dated this 20th day of November, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**