**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) Case Nos. | 09-20083-CM (Criminal) |
| v. ) | 12-2749-CM (Civil) |
| ) | |
| **NICHOLAS SRADER,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

Defendant Nicholas Srader brings this Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 123). Defendant argues he is being held in federal custody in violation of the Sixth Amendment of the United States Constitution and presents six grounds he believes establish his ineffective assistance of counsel claim.

### I. Factual Background

Defendant was charged with being a felon in possession of a firearm on June 18, 2009, and was represented by several different attorneys over the next two years. On March 14, 2011, defendant pleaded guilty to the charge. At sentencing, defendant requested a downward departure, but the court denied the request. Because defendant had a previous violent crime conviction, the presentence investigation report calculated his base offense level to be 20. The court increased his level by two points with an obstruction of justice enhancement. Based on a total offense level of 22 and a criminal history category of V, defendant's guideline sentencing range was 77 to 96 months imprisonment. The court sentenced him on December 6, 2011 to 96 months in prison.

-1-

Defendant argues that his attorneys—Kelly Kauffman (now Trussell), Robert Eye, Brett Jarmer and Scott Gyllenborg—were constitutionally ineffective. Specifically: defendant contends that counsel (1) incorrectly advised him of the consequences of entering a guilty plea; (2) failed to effectively challenge the obstruction of justice enhancement; (3) failed to argue that defendant was entitled to an acceptance of responsibility credit; (4) failed to object to the final offense level; (5) failed to object to his criminal history calculation; and (6) failed to address defendant's illegal detainment. The court examines each of these claims in turn.

## II. Legal Standards

### A. 28 U.S.C. § 2255

28 U.S.C. § 2255 gives federal prisoners the ability to file a motion to "vacate, set aside or correct a federal sentence." To succeed, defendant must prove that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was without jurisdiction of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

The court must hold an evidentiary hearing on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.*; *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1999). The defendant bears the burden to allege facts which, if proven, would entitle him to relief. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995). "The allegations must be specific and particularized, not general or conclusory." *Id.* at 1471.

### B. Ineffective Assistance of Counsel

A defendant may bring an ineffective assistance of counsel claim in a collateral proceeding under 28 U.S.C. § 2255, regardless of whether he could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). In analyzing an ineffective assistance of counsel

claim, the court looks to the two-prong *Strickland* test established in *Strickland v. Washington*, 466 U.S. 668 (1982). The *Strickland* standard is "highly demanding." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

The first prong deals with deficient performance. For counsel's performance to qualify as constitutionally ineffective, it must "fall below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. "Performance must have been completely unreasonable, not merely wrong." *Barkell v. Crouse*, 468 F.3d 684, 689 (10th Cir. 2006) (quoting *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999)) (applying the *Strickland* test). Review of counsel's performance under the first prong of the *Strickland* test is highly deferential. "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment." *Strickland*, 466 U.S. at 690.

The second prong of the *Strickland* test requires counsel's ineffective performance to prejudice the defendant. There must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The court may consider either or both of the *Strickland* prongs: "There is no reason for a court deciding an ineffective assistance claim to approach the inquiry in any particular order or even to address both components of the inquiry if the defendant makes an insufficient showing of one." *Id*. at 697.

**III. Analysis**

**A. Ground One: Consequences of Entering a Guilty Plea**

First, defendant argues he was denied effective assistance of counsel because his attorney did not correctly advise him of the consequences of entering a guilty plea. At sentencing, defendant did not receive credit for acceptance of responsibility because he received the obstruction of justice

enhancement. Defendant argues that his attorney failed to object to the obstruction of justice enhancement (Ground Two), and defendant did not understand the obstruction of justice enhancement could make him ineligible for acceptance of responsibility points. Defendant also argues his attorney told him he would receive credit for his guilty plea even if the government raised the obstruction of justice argument. According to defendant, his plea was unlawfully induced, not made voluntarily, and entered without understanding the nature of the charge and the consequences of the plea.

"Counsel has the duty to inform defendant with notice of all critical elements of the crime." *United States v. Weeks*, 653 F.3d 1188, 1201 (10th Cir. 2011) (citing *Hicks v. Franklin*, 546 F.3d 1279, 1284 (10th Cir. 2008)) (discussing *Henderson v. Morgan*, 426 U.S. 637 (1976)). But defendant provides no support for his claim that he did not understand the nature of the charge. Defendant also provides no support for his assertion that his plea was involuntary. Both of these assertions are merely conclusory—not particularized or specific.

Defendant also contends that he did not understand the consequences of the plea agreement. He claims both that his attorney "should have known the obstruction of justice enhancement would negate the guilty plea credit" and that his attorney told him he would receive the guilty plea credit regardless of whether the government argued for the obstruction enhancement. Defendant states that his misunderstanding led him to plead guilty, and but for the erroneous advice of his attorney, he would not have pleaded guilty. The second prong of the *Strickland* standard disposes of defendant's argument.

Defendant provides no reasoning or evidence that he would have not pleaded guilty. The record shows that upon entering a guilty plea, the court informed defendant that the judge has discretion to sentence him and that any prediction or advice given to him by his attorney is "only an estimate." The court advised defendant that he could receive up to 120 months in prison. And

defendant signed a plea agreement in which he acknowledged that (1) he was satisfied with his attorney and (2) his attorney did not promise him anything about a potential sentence.

Defendant's claims are not supported by the record. The record reflects that he was fully advised of the consequences of his decision. He may not now claim that the decision was unknowing or involuntary because he received a longer sentence than he anticipated.

### B. Ground Two: Obstruction of Justice

Defendant next attacks counsel's failure to object to the obstruction of justice enhancement that defendant received as a result of threatening letters he wrote. According to defendant, the obstruction enhancement was unfounded, and the government did not address the "willful intent" requirement of obstruction claims. He also alleges that "the prosecution made incorrect and misleading statements" leading to the enhancement. (Doc. 127 at 3.) If counsel had objected, defendant claims, the court would not have given defendant the enhancement, making defendant eligible for the acceptance of responsibility reduction.

"A defendant's offense level is enhanced by two levels for attempted obstruction of justice when the Government demonstrates that the defendant: (1) intended to obstruct justice, and (2) committed an act that constitutes a substantial step toward the obstruction of justice." *United States v. Fleming*, 667 F.3d 1098, 1108–09 (10th Cir. 2011) (citing *United States v. Washington*, 653 F.3d 1251, 1264 (10th Cir. 2011)). In *Fleming*, the 10th Circuit addressed the distinction between direct threats and threats made through third parties:

> Section 3C1.1 expressly applies to attempts by defendant to directly or indirectly threaten, intimidate, or influence a potential witness. *See* U.S.S.G. § 3C1.1 & cmt. n. 4(A). Accordingly, to qualify as an attempt to obstruct justice, "[a] defendant need not actually threaten the witness; he need only attempt to influence the[ ] [witness]." *United States v. Powell*, 973 F.2d 885, 894 (10th Cir. 1992). A defendant can attempt to influence a witness indirectly by asking a third party to threaten or communicate with the witness. Thus, as long as the threat or attempt to

> influence is intended to obstruct justice, it need not be made directly to the targeted witness. Accordingly, we hold that direct communication with a witness is not required to support application of the Sentencing Guidelines's obstruction of justice enhancement.

667 F.3d at 1109–10.

Defendant wrote multiple threatening letters to a witness or to a third party about the witness. The letter to a third party was recounted at length in the presentence investigation report. It contained a number of threatening statements about the witness and her family. Although defendant claims that the government made incorrect or misleading statements (presumably regarding the letters), the court is uncertain what statements defendant believes were incorrect or misleading and why. Defendant's claim is conclusory and unsupported by the record.

Counsel has wide latitude in making strategic decisions. Even if counsel might have had a chance to prevail on the obstruction enhancement, the abrasive and disturbing content of the letter in the presentence investigation report suggests why counsel may have made the strategic decision to deflect attention away from the letters and focus on defendant's efforts at rehabilitation and commitment to change his behavior. Instead of focusing on defendant's past actions, counsel made the decision to try to show that defendant had a reduced mental capacity that justified a lesser sentence and to show that defendant was committed to change his conduct in the future. It was therefore not unreasonable for counsel to fail to object.

Even if counsel had objected, defendant has made no showing that he would have been entitled to relief. He makes the conclusory allegation that "it is highly likely that Mr. Srader would not have received an enhancement." (Doc. 130 at 5.) But he fails to show how the letters fall outside the conduct identified in Section 3C1.1 and *Fleming*. Defendant's argument fails on both prongs of the *Strickland* test.

### C. Ground Three: Acceptance of Responsibility

Third, defendant faults his attorney for his loss of the acceptance of responsibility points. He again argues that his attorney should have objected to the obstruction of justice enhancement (Ground Two). He claims that his attorney should have called witnesses and presented evidence to refute the Corrections Corporation of America ("CCA") charges.

Defendant's allegations are conclusory. He provides no evidence that his CCA charges should not have been counted in his sentencing report. Although he alleges there is an email between CCA employees discussing potentially dropping some of the charges, defendant does not provide the content of the email. Conclusory allegations are insufficient to warrant habeas relief.

Additionally, this argument does not clear the second *Strickland* hurdle. Defendant argues that some of his eight CCA charges should not be counted. He does not specify how many. If some of the charges were dropped, defendant would still have several CCA charges and a threatening letter supporting his obstruction of justice enhancement. There is little reason to believe that even if defendant's counsel disposed of all of the CCA charges, the obstruction of justice enhancement would not still deprive him of the acceptance of responsibility credit. Defendant sent multiple letters in which he threatened a witness. This alone was enough for an obstruction of justice enhancement. *See Fleming*, 667 F.3d at 1108–09. Ground Three presents no basis for relief.

### D. Ground Four: Final Offense Level Calculation

Defendant next argues his attorney should have objected to the miscalculation of the final offense level. In addition to rehashing the arguments set forth in Grounds One through Three, defendant also argues that Federal Sentencing Guidelines Section 3E.1.1, Note 4 explains that when a party receives an obstruction of justice enhancement, that party can still receive credit for acceptance of responsibility in extraordinary circumstances. Defendant argues his circumstances were extraordinary and his attorney should have done more to prove it. He specifically mentions a

psychiatrist's testimony "that would have indicated that if Mr. Srader had been properly medicated by [CCA], he would not have committed the act that was the basis for his obstruction enhancement." (Doc. 123 at 11.) But defendant does not provide the court with the testimony or even the name of the psychiatrist. "The burden in a § 2255 motion is on the defendant and his allegations must be specific and particularized, not general or conclusory." *See Hatch*, 58 F.3d at 1471. This allegation is conclusory.

Additionally, this argument does not meet the second *Strickland* prong. Defendant argues that psychiatric testimony could clear his CCA charges. But once again, defendant wrote multiple threatening letters, which in itself is enough for an obstruction of justice enhancement. *See Fleming*, 667 F.3d at 1108–09.

### E. Ground Five: Criminal History Score

For his fifth basis for relief, defendant argues his attorney was constitutionally ineffective because he failed to object to a miscalculation of defendant's criminal history score. Defendant was given a criminal history score of 10, placing him in category V (10, 11, or 12 criminal history points). This total was calculated by counting two felony charges as separate offenses (felony assault and felony property damage). According to United States Sentencing Guideline Section 4A1.1(a), each of these charges adds three criminal history points. But defendant contends that the two felony charges should have been counted as a single sentence, resulting in a criminal history category of IV (7, 8, or 9 criminal history points). Section 4A1.2(a)(2) states, "if there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence."

The presentence investigation report indicates—and neither party disputes—that defendant was sentenced for both felony charges on the same day. Defendant contends, however, that he committed both crimes before he was arrested for the first crime . . . meaning that there was no intervening arrest. If defendant is correct, the recalculation would reduce his criminal history point total by three and place him in section IV instead of V, changing his sentencing range from 77 to 96 months to 63 to 78 months. He received 96 months, so the potential difference in sentences is 18 to 33 months.

The Fifth Circuit addressed the intervening arrest issue in *United States v. Espinoza*, 677 F.3d 730 (5th Cir. 2012). In *Espinoza*, the district court treated the defendant's two offenses separately in calculating his criminal history score. Defendant was arrested for the first offense six months after he committed the second offense and was sentenced for both charges on the same day. The Fifth Circuit explained, "Under the Guidelines, offenses are separated by an intervening arrest when 'the defendant is arrested for the first offense prior to the second offense.'" *Id*. at 736. Because there was no intervening arrest, the Fifth Circuit found that the court plainly erred in counting the convictions separately. *Id*.

*Espinoza* is instructive here. If there was no intervening arrest, it may have been unreasonable for counsel not to have objected to the criminal history calculation. Likewise, if defendant would have received three fewer criminal history points, he may have suffered prejudice. But for the point miscalculation and counsel's failure to object, defendant would have been facing a lower sentencing range. The court will conduct an evidentiary hearing on this issue to determine the facts and proceed with this claim.

**F. Ground Six: Illegal and Prolonged Detainment**

Finally, defendant argues his attorney was constitutionally ineffective for failing to have defendant's arrest overturned for illegal and prolonged detainment. He argues his illegal and prolonged detainment allowed the police to search his car and find the gun.

Defendant's attorney moved to suppress evidence discovered during the police's search of his car. (Docs. 23, 35.) The court already decided that the police officers' behavior was reasonable. While the motion to suppress was based on a different argument, defendant makes only conclusory allegations that this new argument has merit. Counsel need only file motions with a solid foundation—not every possible motion. *United States v. Afflerbach*, 754 F.2d 866, 870 (10th Cir. 1985). The court recalls in detail the evidence presented at the motion to suppress hearing. Nothing in that hearing suggested that the police detained defendant for an unreasonable length of time. There was, therefore, neither ineffective assistance nor prejudice.

### IV. **Conclusion**

Defendant bases many of his arguments on conclusory statements not grounded in evidence. When he does make supported statements, he still fails to meet either of the *Strickland* prongs—at least with regard to Grounds One, Two, Three, Four, and Six. On these grounds, the record before the court conclusively shows that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record). But Ground Five merits an evidentiary hearing. If defendant's criminal history was miscalculated, his attorney's failure to object could amount to ineffective assistance of counsel.

The court will address whether to issue a certificate of appealability on Grounds One, Two, Three, Four, and Six at the hearing on Ground Five.

**IT IS THEREFORE ORDERED** that defendant Nicholas Srader's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 123) is denied in part and taken under advisement in part. The court will set an evidentiary hearing on Ground Five.

Dated this 5th day of August 2013, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**